IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DALTON HARRISON                                                                                          PLAINTIFF

v.                                                  3:15CV00397-DPM-JJV

MARTY BOYD, Sheriff,
Craighead County; *et al.*                                                                          DEFENDANTS

## ORDER

Plaintiff, Dalton Harrison, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, without prepayme nt of the $400.00[1] filing fee or an Application to Proceed Without Prepayment of Fees and Affidavit.  (Doc. No. 1.)

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.  28 U.S.C. § 1915(b)(1).  The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time.  *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).  Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account.  28 U.S.C. § 1915(b)(4).  **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.**

---

[1] Effective May 1, 2013, the cost for filing a new civil case is $400.  The increase is due to a new $50 administrative fee, which does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

1

The PLRA requires that Plaintiff submit either the full filing fee or a completed Application to Proceed Without Prepayment of Fees and Affidavit, along with calculation sheets, prepared and signed by an authorized officer of the Detention Center.

Plaintiff will also be afforded an opportunity to amend his Complaint. As it stands, he has failed to allege how, if at all, Defendants Marty Boyd and Matt Hall personally violated his rights. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted against these Defendants. Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of his claims against all defendants he is suing in a single document.

Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named defendant in a simple, concise, and direct manner, including dates, times, and places, if applicable; 3) indicate whether he is suing each defendant in his/her individual or official capacity, or in both capacities; 4) how Plaintiff was harmed; and 5) state whether he was incarcerated at the time as a pretrial detainee.

IT IS, THEREFORE, ORDERED that:

1.   Plaintiff must submit either (1) the statutory filing fee of $400; or (2) a properly completed Application to Proceed Without Prepayment of Fees and Affidavit, **with the required calculation sheet signed by an authorized official of the detention center at which he is**

**confined** within thirty (30) days of the entry date of this Order.[2]

2. If Plaintiff wishes to amend his Complaint, he may complete a new complaint form in its entirety in accordance with this Order, mark it as "Amended Complaint," and file it within thirty (30) days of the date of this Order.

3. The Clerk shall send Plaintiff an Application to Proceed *In Forma Pauperis*, a filing fee calculation sheet, and the 42 U.S.C. § 1983 complaint form with this Order.

DATED this 18th day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court. Of particular note to *pro se* plaintiffs is Rule 5.5(c)(2), which states:

> Parties appearing *pro se*. It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).